# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE FERNANDEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNARD,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | CASE NO.  1:04cv5739 TAG<br><br>MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S APPEAL FROM ADMINISTRATIVE DECISION<br><br>ORDER DIRECTING THE CLERK TO ENTER JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF |

    Guadalupe Fernandez ("claimant" or "plaintiff") seeks judicial review of an administrative decision denying her claim for disability benefits under the Social Security Act ("Act"). Pending before the Court is claimant's appeal from the administrative decision of the Commissioner of Social Security ("Commissioner"). Claimant filed her complaint on May 21, 2004, and her opening brief on January 7, 2005. The Commissioner filed her opposition to the appeal on February 24, 2005. Claimant filed a reply brief on March 4, 2005.

    Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to proceed before a United States Magistrate Judge, and, by an order dated March 7, 2005, this action was assigned to the United States Magistrate Judge for all further proceedings.

## JURISDICTION

On April 19, 2002, claimant filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, alleging a disability onset date of September 23, 2000, due to impairments of the upper and lower back, right arm and feet. (Administrative Record ("AR") 264-267, 398-403, 275).[1] The applications were denied initially and on reconsideration.

After timely requesting a hearing, claimant appeared before Administrative Law Judge ("ALJ") Michael Haubner on October 22, 2003, at which time he heard testimony from claimant, who was assisted by a Spanish interpreter. (AR 406-426). On November 24, 2003, the ALJ issued a decision finding that claimant was not disabled. (AR 16-21). The Appeals Council denied a request for review on March 20, 2004. (AR 7-9). The Appeal Council's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Claimant filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both claimant and the Commissioner and will only be summarized here. Claimant was born on July 23, 1962, making her 41 years old on the date of the ALJ's decision. (AR 414; 21). Claimant indicated that she has a general education diploma. (AR 414, 281). She also noted that she had special job training as a cashier. (AR 281). Claimant indicated that she became unable to work on September 22, 2000 due to a work injury and her past relevant work experience consists solely of farm labor work. (AR 275-276, 415).

She testified at the administrative hearing that she lives with her husband and three children, ages 8, 15 and 19. (AR 416). Claimant stated that she is able to dress herself with a little difficulty, meaning that she needs help when putting on clothes that have zippers or buttons in the back, and is able to comb and brush her hair, brush her teeth, and bathe herself. (AR 416-417). She indicated that she does not cook or prepare meals but does make simple meals once a day. (AR 417-418).

---

[1] Claimant previously filed applications for DIB and SSI in November of 1998 which were denied initially, on reconsideration and by an ALJ on September 22, 2000. (AR 221-226). That ALL's decision became the final decision of the Commissioner when claimant failed to request review by the Appeal's Council. (Court Doc. 13, p. 1).

Claimant testified that she does the dishes about twice a week, does not do the laundry, goes shopping once or twice a month, never takes her children to school or picks them up, does not sweep the floor and does not vacuum. (AR 418-419). She indicated that she visits her mother about once every three months. (AR 419).

Claimant stated that she does not sweep, vacuum or do the laundry because she has pain in her head, neck and body and feels dizzy from the effects of her medication. (AR 420). She testified that she takes all of her medications and follows her treatment as prescribed by her doctors. (AR 421). She also indicated that she is on a diet but that she is only about 20 to 25 percent compliant with her diet guidelines. (AR 421-422). Claimant stated that she has numbness in her feet, hands and cerebrum and drops things about twice a day. (AR 422, 424-425). She indicated that she could pickup and carry only five pounds because she has no hand strength and her bones hurt. (AR 423). Claimant stated that she could be on her feet 10 to 15 minutes at a time, could sit about 50 minutes at one time and could lift a gallon of milk with difficulty. (AR 423-424). She testified that she believed her condition had gotten worse in the two years prior to the administrative hearing. (AR 423).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if a claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b),

///

416.920(b). If she is not, the decision maker proceeds to step two, which determines whether a claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If a claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares a claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, a claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents claimant from performing work she has performed in the past. If a claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). If a claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). See, Bowen v. Yuckert, 482 U.S. 137 (1987).

The initial burden of proof rests upon a claimant to establish a *prima facie* case of entitlement to disability benefits. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. See, 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. See, Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985); Sanchez v. Secretary of Health & Human Services, 812

F.2d 509, 510 (9th Cir. 1987) (two consulting physicians found applicant could perform light work contrary to treating physician's findings).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  McAllister v. Sullivan, 888 F.2d 599, 601-602 (9th Cir. 1989); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting* Kornock v. Harris, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  Richardson, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  Sprague v. Bowen, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ADMINISTRATIVE FINDINGS**

The ALJ indicated that claimant had filed a prior disability application which was denied on September 22, 2000, with a finding that claimant was capable of performing a full range of light work.  (AR 16).  The ALJ noted in his opinion that claimant's complaints were essentially the same as those alleged in the prior claim and that there was no objective evidence to support a worsening of claimant condition since the previous decision.  (AR 18).

The ALJ found at step one that claimant has not engaged in substantial gainful activity at any time since her alleged onset date. (AR 17). At step two, the ALJ determined that claimant is status post motor vehicle accident in 1997, with cervical and lumbar spine radiculitis, impairments which are severe, but that she does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (AR 17). The ALJ specifically indicated that while claimant complained of headaches and Dr. Salmassi noted a diagnosis of fibromyalgia in October of 2001, a diagnosis of fibromyalgia was not supported by the evidence of record. (AR 17-18). The ALJ also found that claimant's allegations regarding her limitations were not totally credible. (AR 18-20).

The ALJ determined that claimant has the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently and to stand, walk and sit six hours each in an eight-hour workday. (AR 19). The ALJ thus found that claimant was capable of performing a full range of light exertion work and that she failed to overcome the presumption of continued non-disability pursuant to Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). (AR 19). The ALJ held that because claimant described her past work as being light to medium in exertion, she was precluded from performing her past work. (AR 19). The ALJ thereafter applied the Medical-Vocational Guidelines ("grids") to the case. (AR 19-20). The ALJ concluded that, based on claimant's RFC, age, education, and work experience, grid rule 202.16 directed a finding that claimant was "not disabled." (AR 19-20). Accordingly, the ALJ found that claimant was not disabled within the meaning of the Social Security Act. (AR 20-21).

**ISSUES**

Claimant contends that the Commissioner erred as a matter of law. Specifically, she argues that:

1. The ALJ erred by failing to properly evaluate the opinions of claimant's treating physician, Sadegh Salmassi, M.D.;

2. The ALJ erred by finding claimant's subjective complaints not totally credible; and

3. The ALJ erred by finding that there was no evidence of changed circumstances since the last ALJ decision on September 22, 2000.

This court must uphold the Commissioner's determination that claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## DISCUSSION

**A.  Credibility**

Claimant asserts that the ALJ erred by finding her subjective complaints not credible. (Court Doc. 10, pp. 5-8).  It is the province of the ALJ to make credibility determinations. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit her testimony as to the severity of an impairment because it is unsupported by medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ determined that claimant's allegations regarding her limitations were not totally credible. (AR 20). In support of this finding, the ALJ indicated that claimant had a poor work history, reviewing state agency medical consultants deemed claimant limited only to unrestricted light exertion work, her allegations were not supported by objective record evidence and there was no evidence of any significant changes as required by Chavez v. Bowen. (AR 18-19). Furthermore, the ALJ noted that claimant's demeanor at the administrative hearing was evasive and non-responsive, her testimony was inconsistent with the record evidence as well as later given testimony, and her testimony regarding her daily activities and abilities was not consistent with her reported limitations. (AR 19).

The ALJ noted that claimant had a poor work history, with only six years of substantial gainful activity in the past 15 years. (AR 18). As noted by the Commissioner, a claimant's prior work history may be considered in evaluating credibility, and a poor work history may be found to

detract from credibility. 20 C.F.R. §§ 494,1429(c)(3), 416.929(c)(3); Thomas v. BARNARD, 278 F.3d 947, 959 (9th Cir. 2002) (the ALJ cited the claimant's poor work history as a basis for finding that she was not credible). Therefore, it was appropriate for the ALJ to consider claimant's poor work history when evaluating her credibility in this case.

As noted by the Commissioner, and as discussed further below, aside from Dr. Salmassi, no physician of record supported claimant's description of functional limitations. (Court Doc. 13, p. 13). Although claimant argues that the ALJ's rejection of claimant's pain testimony based on a lack of supportive objective findings is an improper basis for finding a person not credible (Court Doc. 10, p. 6), a lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor. Bunnell v. Sullivan, 347 F.2d 341, 345 (9th Cir. 1991). All medical professionals of record, with the exception of Dr. Salmassi, found claimant capable of performing at least light exertion work. Since the ALJ notes many factors, aside from the lack of supporting objective medical evidence for claimant's allegations, it was appropriate for the ALJ to note such evidence as detracting from claimant's credibility.

Regarding inconsistencies, as noted by the ALJ, although claimant testified at the administrative hearing that she never takes her children to school or picks them up (AR 418-419), this statement was inconsistent with her prior report of daily activities which included shopping, driving her children to school, making her husband's lunch and taking her children to doctor's appointments (AR 223). (AR 19). Moreover, the ALJ noted that while claimant testified that she takes all of her medications and follows her treatment as prescribed by her doctors (AR 421), she indicated that she is only about 20 to 25 percent compliant with her prescribed diet guidelines (AR 421-422). (AR 19).

With regard to her daily activities, claimant argues that it was legal error for the ALJ to reject her complaints because of the extent of her daily activities. (Court Doc. 10, p. 6). However, as properly noted by the Commissioner, it is well-established that the nature of daily activities may be considered when evaluating credibility. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Claimant testified that she is able to dress herself, comb and brush her hair, brush her teeth, and bathe herself.

(AR 416-417). She indicated that she could prepare simple meals once a day, do the dishes about twice a week, shop one or twice a month, drive once a month and visit her mother about once every three months. (AR 417-419). The ALJ properly found that such activities were inconsistent with a finding that claimant is restricted to the performance of less than light exertion work.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). Nevertheless, after reviewing the record, the undersigned judicial officer finds that the reasons provided by the ALJ for discounting claimant's subjective complaints are sufficient and supported by substantial evidence in the record. The substantial weight of the record suggests that claimant's impairments were not as troublesome as she alleged, and the reasons provided by the ALJ for partially rejecting claimant's allegations are clear and convincing. Accordingly, the ALJ did not err by concluding that claimant's allegations regarding her limitations were not totally credible in this case. (AR 20).

**B. Treating Physician Opinion**

Claimant contends that the ALJ erred by failing to set forth legally sufficient reasons for rejecting the opinion of treating physician Sadegh Salmassi, M.D. (Court Doc. 10, pp. 3-5).

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and her physical condition. Fair v. Bowen, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 744, 751 (9th Cir. 1989) (citations omitted); see, also, 20 C.F.R. § 404.1527. To reject the treating physician's opinion, the ALJ must state specific, legitimate reasons that are supported by substantial evidence. Flaten v. Secretary of Health and Human Serv., 44 F.3d 1453, 1463 (9th Cir. 1995); Fair, 885 F.2d at 605. Historically, the Ninth Circuit courts have recognized conflicting medical evidence; the absence of regular medical treatment during the alleged period of disability; and the lack of medical

support for doctors' reports that are based substantially on the claimant's subjective complaints of pain, as specific legitimate reasons for disregarding the treating physician's opinion. Flaten, 44 F.3d at 1463-64; Fair, 885 F.2d at 604.

Prior to the date claimant alleges that she became disabled, September 23, 2000, claimant was being primarily treated for physical complaints stemming from a November 23, 1997 automobile accident. (Court Doc. 13, p. 2; AR 134-162). On August 12, 1998, and November 5, 1998, Dr. Salmassi indicated on forms that claimant was not able to perform labor jobs due to symptoms related to the automobile accident. (AR 135, 152). On July 19, 1998, Dr. Salmassi noted that the pain in claimant's shoulders, arms and head was a little bit better but not totally improved. (AR 349). On October 20, 1999, Dr. Salmassi indicated that he had been treating claimant since March of 1998 for complaints due to the 1997 automobile accident. (AR 345-347). Dr. Salmassi again indicated that claimant was advised to not do any heavy lifting or labor-related work. (AR 347).

Nevertheless, on March 27, 1999, Glenn Kolluri, M.D., examined claimant and determined that she could lift 10 to 20 pounds frequently, she was able stand, walk, sit, bend, squat, kneel, reach overhead and perform repetitive hand motions without restrictions, and her prognosis was very good. (AR 182-185). On April 5, 1999, Sami Srour, M.D., performed an independent medical examination of claimant finding that she had no objective findings of impairment. (AR 195-202). Dr. Srour indicated that there was no correlation between the injury and claimant's condition at that time, the soft tissue strains she suffered should have resolved within six weeks of the injury and claimant's subjective complaints were out of proportion to the objective findings indicating symptom magnification. (AR 200). A reviewing state agency physician, Willard Wisehart, M.D., opined on April 21, 1999, that claimant could lift and carry 20 pounds occasionally and 10 pounds frequently, stand, walk and sit six hours each in an eight-hour workday and could push and pull without restriction. (187-194). The reviewing physician indicated that there was no objective signs of significant limitation by the clinical examinations. (AR 188).

///

///

Following the date claimant alleges she became disabled, in April of 2002, Dr. Salmassi indicated that claimant was informed she could not do any labor work and that she was "permanently disabled." (AR 332). On July 31, 2002, Dr. Salmassi completed a form entitled "Short-Form Evaluation for Musculoskeletal Impairments." (AR 324-326, 395-397). The form indicates that claimant was limited to lifting less than 10 pounds, could stand and/or walk less than two hours in an eight hour workday and could sit between 15 to 30 minutes during an eight hour workday due to claimant's tender shoulders, neck and low back. (AR 325, 396). In addition, Dr. Salmassi noted that claimant could only occasionally stoop and reach, could never climb, balance, kneel, crouch or crawl and would be restricted from heights, moving machinery, temperature extremes, chemicals, and dust. (AR 326, 397).

However, on May 13, 2002, claimant's treating gynecologist, Vincent Matera, M.D., opined that there was no evidence of claimant's alleged impairments and that there was no reason why claimant could not work. (AR 311). In addition, on January 29, 2003, a state agency reviewing physician, Keith Quint, M.D., opined that claimant could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, could stand, walk or sit about six hours each in an eight hour workday, had an unlimited ability to push and/or pull, and had no postural, manipulative, visual, communicative, or environmental limits. (AR 351-358).

The ALJ gave little weight to Dr. Salmassi's 2002 opinions. (AR 18). He indicated that Dr. Salmassi's findings were conclusory and brief, lacked any bases for the conclusions he reached regarding claimant's limitations, and some of his findings had no relationship to the medical evidence of record (i.e., limitations in gross manipulation, working at heights or around machinery, extreme temperatures, chemicals, and dusts). (AR 18). Moreover, at the time of the administrative hearing, the ALJ asked claimant's counsel to obtain an explanation and/or clarification for Dr. Salmassi's 2002 findings. (AR 18, 419-420). However, none of the clarification points the ALJ specifically requested were addressed by claimant prior to the ALJ's decision. (AR 18).

Furthermore, as noted above, Dr. Salmassi's findings are contradicted by the opinions of Drs. Wisehart, Kolluri, Srour, Matera and Quint. In fact, Dr. Salmassi is the only physician of record to conclude that claimant is incapable of performing at least light exertion work. The ALJ fully

considered and addressed Dr. Salmassi's opinions and properly found them unsupported and contradicted by the weight of the record evidence. (AR 18). The ALJ provided specific, legitimate reasons, supported by substantial evidence, for rejecting Dr. Salmassi's opinions. Accordingly, the ALJ did not err by finding Dr. Salmassi's opinions unpersuasive. The evidence of record supports the ALJ's conclusion that claimant is capable of performing light exertion work.

**C. Chavez v. Bowen**

Claimant also makes a cursory argument that the ALJ erred by finding that there was no evidence of changed circumstances since the last ALJ decision on September 22, 2000. (Court Doc. 10, p. 4).

The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 568 n. 2 (9th Cir. 1983). In order to overcome the presumption of continuing non-disability arising from the first ALJ's findings of non-disability, a claimant must prove "changed circumstances." Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). In Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988), the Ninth Circuit determined that principles of res judicata made binding the first ALJ's findings that the claimant had a residual functional capacity of light work, was of limited education, and was skilled or semi-skilled, and, because the second ALJ failed to afford preclusive effect to the first ALJ's determinations in this regard, the second ALJ's decision was not supported by substantial evidence. Chavez, 844 F.2d at 694.

The ALJ in this case noted that, on September 22, 2000, an ALJ found that claimant was capable of a full range of light work. (AR 16, 226). The ALJ further indicated, with a reference to Chavez, that an ALJ adjudicating a subsequent claim involving an unadjudicated period will apply a presumption of continuing non-disability to the unadjudicated period, unless there is a showing of "changed circumstances" (i.e., a change in claimant's age category, an increase in the severity of claimant's impairments, the alleged existence of an impairment not previously consider, or a change in the criteria for determining disability). (AR 16).

///

///

The ALJ determined that claimant's complaints were essentially the same as those alleged in connection with the prior ALJ decision, where she was found capable of light exertion work. (AR 18). The burden in on claimant to demonstrate that her condition has deteriorated since her last denial. Chavez, 844 F.2d at 693. The ALJ found no objective evidence to support a worsening in claimant's condition since the previous decision (AR 18) and this finding is supported by the ALJ's rejection of Dr. Salmassi's 2002 opinions and by his conclusion that claimant's allegations were not totally credible (see, supra). Since claimant failed to establish changed circumstances, her complaints were essentially unchanged and the evidence as a whole does not support a significant worsening of her condition, the ALJ properly found that claimant failed to overcome the presumption of continued non-disability under Chavez. (AR 19).

## **CONCLUSION**

For the reasons outlined above, the undersigned finds no error in the ALJ's analysis. As such, the Commissioner's decision to deny claimant disability benefits is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, this Court DENIES claimant's appeal from the administrative decision of the Commissioner of Social Security.

The clerk of this Court is DIRECTED to enter judgment as a matter of law in favor of defendant Jo Anne B. BARNARD, Commissioner of Social Security, and against claimant Guadalupe Fernandez.

IT IS SO ORDERED.

**Dated:   September 21, 2005**           /s/ Theresa A. Goldner
j6eb3d                                              UNITED STATES MAGISTRATE JUDGE